```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                        Case No. 2:06-cr-25-FTM-29SPC

THEOTIS GOODMAN
_____

## OPINION AND ORDER

This matter is before the Court on defendant Theotis Goodman's *pro se* Motion Under 18 U.S.C. § 3582(c)(2) for Reduction of Sentence Based on Retroactive Guideline Amendment, Effective March 3, 2008, Concerning Cocaine Base ("Crack") (Doc. #95), filed on February 27, 2008. Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The relevant Sentencing Guidelines policy statement is § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Defendant Goodman satisfies all these requirements.

Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10. A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). In this case, defendant Goodman's motion

---

[1] <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

must be denied because the retroactive amendment does not have the effect of lowering his applicable Sentencing Guideline range.

At the original sentence, the Court determined that defendant Goodman's Total Offense Level was 29, his Criminal History Category was II, and the Sentencing Guidelines range was $120^2$ to 121 months imprisonment. Defendant was sentenced to 120 months imprisonment. The application of Amendment 706 results in a Total Offense Level of 27, a Criminal History Category of I, and a Sentencing Guidelines range of 120 months imprisonment, the mandatory minimum. U.S.S.G. § 5G1.1(c)(2).

As a general rule, the Court may not reduce defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range determined under U.S.S.G. § 1B1.10(a)(1). See U.S.S.G. § 1B1.10(b)(2)(A). An exception to this rule exists where the original term of imprisonment was less than provided by the guideline range at the time of the sentencing. In such a situation, a reduction comparably less than the amended guideline range may be appropriate. See U.S.S.G. § 1B1.10(b)(2)(B). This exception is not applicable in this case because defendant's original sentence was the mandatory minimum 120 months.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant Theotis Goodman's *pro se* Motion Under 18 U.S.C. § 3582(c)(2) for Reduction of Sentence Based on Retroactive Guideline

---

[2]There was a statutory mandatory minimum of 120 months.

Amendment, Effective March 3, 2008, Concerning Cocaine Base ("Crack") (Doc. #95) is **DENIED**.

  **DONE AND ORDERED** at Fort Myers, Florida, this <u>  3rd  </u> day of March, 2008.

_____<br>
JOHN E. STEELE<br>
United States District Judge

Copies:
AUSA (Barclift)
Theotis Goodman
U.S. Probation
U.S. Marshal
DCCD